551 A.2d 1153

Michael Leahy and Deborah Leahy *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board and B. & L. Tavern. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

252

Submitted on briefs September 27, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Gary Stewart Seflin,* Deputy Attorney General, for appellant.

*Samuel S. Davis,* for appellees, Michael and Deborah Leahy.

OPINION BY JUDGE PALLADINO, December 21, 1988:

The Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board (PLCB) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) dismissing its preliminary objections to a complaint filed by Michael Leahy and Deborah Leahy (Appellees). We affirm.

On July 7, 1987, Appellees filed an action in negligence in the trial court against the PLCB and B. & L. Tavern (Tavern). The complaint alleged that on February 15, 1986, both a retail store of the PLCB and the Tavern sold alcoholic beverages to Michael Leahy when he was visibly intoxicated. The retail store and the Tavern are both located in Upper Darby, Delaware County, Pennsylvania. Appellees further alleged that after Michael Leahy purchased the alcoholic beverages from the store and Tavern, he drove his motor vehicle off a road in Haverford Township, Delaware County, and thereby sustained personal injuries.

Appellees' counsel had directed the sheriff to make service on the PLCB at 444 North 3rd Street, Philadelphia, Pennsylvania, which was then a local enforcement office of the PLCB.[1] Appellees did not serve the PLCB at its principal office in Dauphin County nor did Appellees serve the complaint on the Office of Attorney General.[2] Neither the Tavern nor the PLCB filed responsive pleadings within twenty (20) days as required by Pa. R.C.P. No. 1026.

On October 6, 1987, Appellees sent to the PLCB and the Tavern a notice of intention to take a default

---

[1] The sheriff's return of service indicates that service was made upon the PLCB at 1080 North Delaware Avenue, Philadelphia, Pennsylvania on July 10, 1987.

[2] *See* 42 Pa. C. S. §8523, 37 Pa. Code §111.1, and Pa. R.C.P. No. 422 for service of process requirements in suits against a Commonwealth party.

judgment.[3] The notice to the PLCB was sent to the enforcement office located at 444 North 3rd Street, Philadelphia, and was forwarded to the Office of Attorney General in Harrisburg, Pennsylvania. By letter dated October 23, 1987, the Chief Deputy Attorney General in the Harrisburg office wrote the following to Appellees' counsel:

> This will confirm our telephone conversation of this date wherein I advised you that we received your notice of default on October 22, 1987. Somehow or another, this case was never received in our office or it may have slipped through the cracks somewhere. At any rate, you graciously extended to us a reasonable time within which to file an answer to your complaint.
>
> I will forward the case to our Philadelphia office for their handling. Thank you for your cooperation in this matter.

Appellees' Reply to the PLCB's Preliminary Objections, Exhibit C. On October 30, 1987, a Deputy Attorney General from Philadelphia wrote to Appellees' counsel requesting a reasonable extension of time "to answer or otherwise plead to your Complaint." Appellees' Reply, Exhibit D. By letter dated November 3, 1987, Appellees' counsel responded that he had already agreed with the Chief Deputy Attorney General that an extension of time would only be granted for the filing of an answer, but not for preliminary objections. Appellees' Reply, Exhibit E.

On November 4, 1987, the Deputy Attorney General entered an appearance in the trial court on behalf of the PLCB. By letter dated November 6, 1987, counsel for the PLCB advised Appellees' attorney of certain al-

---

[3] A default judgment was taken against the Tavern on November 20, 1987.

leged procedural deficiencies in the complaint and requested Appellees to re-serve the PLCB and Office of Attorney General within thirty (30) days, which was never done. The PLCB filed preliminary objections with the trial court on November 9, 1987. The PLCB contended that service of process had not been properly effected upon it or the Office of Attorney General. Further, the PLCB alleged that venue in Philadelphia County was improper and requested that the action be transferred to Delaware County or Dauphin County.[4]

On December 8, 1987, Appellees filed a reply to the PLCB's preliminary objections, contending that both service of process and venue were proper. Appellees also asserted that on October 22, 1987, the Chief Deputy Attorney General and Appellees' counsel had agreed during a telephone conversation that the PLCB would be granted an extension of time only for the filing of an answer. Appellees contended that this agreement was evidenced by the letter dated October 23, 1987 from the Chief Deputy to Appellees' counsel previously set forth in this opinion.

By order dated January 14, 1988, the trial court dismissed the PLCB's preliminary objections. However, by order dated January 26, 1988, the trial court vacated its prior order and again dismissed the preliminary objections on the ground that the PLCB bargained away its right to file preliminary objections in exchange for an extension of time to file an answer. On January 28, 1988, Appellees elected to have the trial court's order of January 26, 1988 deemed final under Pa. R.A.P. 311(b).[5]

---

[4] Pa. R.C.P. No. 1017(b) provides that preliminary objections are the appropriate mechanism by which a party may challenge jurisdiction, venue, and the form or service of a writ of summons.

[5] Pa. R.A.P. 311(b) provides in pertinent part:
An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or

On appeal to this court, the PLCB contends that the trial court erred in dismissing its preliminary objections without first creating a record upon which to base its determination that a "contract" existed between the PLCB and Appellees. The PLCB also asserts that, assuming the trial court could rule on the preliminary objections without creating a record, no facts were averred in the pleadings upon which the trial court could conclude the PLCB "bargained away" its right to file preliminary objections. Next, the PLCB contends that even if there was such an agreement between the parties, the agreement was void because of fraud, misrepresentation, coercion, and mistake of fact. Finally, the PLCB argues that because the trial court's order is final, the merits of the preliminary objections are before this court for review.

Our scope of review of a trial court's ruling on preliminary objections is limited to a determination of whether the trial court abused its discretion or committed an error of law. *See Gratkie v. Air Wisconsin, Inc.,* 107 Pa. Commonwealth Ct. 461, 528 A.2d 1032 (1987), *petition for allowance of appeal denied,* 518 Pa. 628, 541 A.2d 1139 (1988). Given this scope of review, we will address the PLCB's contentions seriatim.

The PLCB first argues that the trial court erred in dismissing its preliminary objections without creating a record upon which to make a determination of whether the PLCB bargained away its right to file preliminary

jurisdiction over the person or over real or personal property if: (1) the plaintiff, petitioner or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final. . . .

By dismissing the PLCB's preliminary objections raising questions of venue and jurisdiction without addressing the merits of those objections, the trial court has in effect found jurisdiction and venue to be proper.

objections. We note that Pa. R.C.P. No. 1028 does provide that where an issue of fact is raised by the preliminary objections and answer thereto, the court shall take evidence by deposition or otherwise. However, after careful review of the pleadings in this case, we conclude that the trial court had sufficient information before it to ascertain whether an agreement was made between the parties. Appellees' reply to the PLCB's preliminary objections attaches and incorporates by reference the letter dated October 23, 1987 from the Chief Deputy Attorney General to Appellees' counsel regarding an extension of time to "file an answer." Appellees provided the trial court with a copy of the writing which they assert constitutes the parties' entire agreement. The PLCB does not dispute that the letter was written by the Chief Deputy Attorney General. Accordingly, the trial court did not abuse its discretion in ruling on the preliminary objections without taking depositions or other evidence.

Next, the PLCB contends that the trial court erred in holding that the PLCB bargained away its right to file preliminary objections in exchange for an extension of time to file an answer. In this case, the trial court found that the PLCB had violated Pa. R.C.P. No. 1026 by failing to answer or otherwise plead within twenty (20) days of service of the complaint. However, the trial court also noted that under Pa. R.C.P. No. 1003, the rules relating to the manner of commencing an action or the time for serving process or for filing or serving pleadings may be waived by agreement of the parties. The trial court concluded that the October 23, 1987 letter, which stated that ". . . you [Appellees' counsel] graciously extended to us a reasonable time within which to file an answer to your complaint," constituted an effective waiver under Pa. R.C.P. No. 1003 of the PLCB's right to file preliminary objections in order to

gain an extension of time to file an answer *only* and avoid a potential default judgment.[6] The trial court thus dismissed the PLCB's preliminary objections on the ground that such pleading violated the parties' agreement. We discern no error in this conclusion.

Finally, the PLCB argues that even if it entered into a "contract" with Appellees to waive the filing of preliminary objections, such contract is void because of fraud, misrepresentation, mistake of fact, and coercion. The PLCB asserts that Appellees misled the Chief Deputy Attorney General into believing that service of process had been validly effectuated in this case. The PLCB contends that while the Chief Deputy was operating under this mistaken belief, the Chief Deputy was coerced into waiving the right to file preliminary objections by the prospect of a default judgment and thus agreed to file only an answer.

However, we note that the Chief Deputy Attorney General was not required to enter into an agreement *with Appellees* to obtain additional time to file preliminary objections. Pa. R.C.P. No. 1003 provides that the rules relating to the time for filing or serving pleadings may be extended or shortened *by the court* on cause shown. Further, the PLCB does not dispute that the Office of Attorney General in Harrisburg received the notice of intention to take default judgment which listed the address of the local enforcement office of the PLCB. The PLCB does *not* allege that the Office of Attorney General was prevented in any way from conducting its own inquiries at the enforcement office, at the PLCB's principal office in Harrisburg, or at the principal and

---

[6] This court has held that where a written contract is clear and unambiguous, its meaning must be determined by its contents alone and there is no need to resort to extrinsic evidence. *County of Montgomery v. Department of Commerce,* 62 Pa. Commonwealth Ct. 20, 434 A.2d 1316 (1981).

local offices of the Attorney General to determine which office(s) was or was not served with Appellees' complaint. Thus, we cannot conclude that the PLCB is entitled to rescission of its agreement with Appellees.[7]

Accordingly, we affirm.

### ORDER

AND NOW, December 21, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[7] Because we conclude that the trial court properly found that the PLCB waived its right to file preliminary objections, we will not address the PLCB's other contentions with respect to the merits of the jurisdictional and venue issues which it raised in the preliminary objections actually filed.