602 A.2d 864

**Joseph AMBROSE and Janet Ambrose, Appellants,**

v.

**CROSS CREEK CONDOMINIUMS.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1991.

Filed Feb. 3, 1992.

2

Patrick T. Davish, Philadelphia, for appellants.

George P. Noel, Media, for appellee.

Before ROWLEY, President Judge, and WIEAND and JOHNSON, JJ.

JOHNSON, Judge.

Joseph and Janet Ambrose, husband and wife (Plaintiffs), appeal from an order which simultaneously overruled their preliminary objections to the preliminary objections of Cross Creek Condominiums (Defendant), and dismissed Plaintiffs' complaint with prejudice for lack of personal jurisdiction over Defendant. We are asked to decide whether a written agreement for an extension of time to file a responsive pleading arose from an exchange of letters between the parties, and whether such an agreement could operate as a waiver of Defendant's right to challenge personal jurisdiction through preliminary objections. We are also asked to determine whether Pennsylvania Rule of Civil Procedure 1028(d), 42 Pa.C.S., affords to a plaintiff, whose objections are overruled, a right within a fixed period of time to file a responsive pleading to outstanding preliminary objections.

After review of the certified record and consideration of the arguments set forth in the parties' briefs, we agree with the trial court that a meeting of the minds for an extension of time did not arise and therefore, the right to challenge personal jurisdiction was not waived. We conclude, however, that Plaintiffs retained the right to file a responsive pleading on the merits to the remaining, original preliminary objections, upon the disposition of the Plaintiffs' preliminary objections. Plaintiffs were deprived of this right by the simultaneous overruling of their objections and the dismissal of the suit on jurisdictional grounds. We reverse the order which overruled Plaintiff's objections and simulta-

neously dismissed the complaint, and remand for further proceedings.

On November 27, 1990, Plaintiffs commenced a civil action alleging injuries which arose from an alleged slip and fall on Defendant's property in Colorado during March, 1990. Plaintiffs served the Complaint outside the Commonwealth by certified mail, pursuant to Pa.R.C.P. 404(2) and 405(c). The Complaint and Notice to Defend were received by Defendant on December 4, 1990.

On January 2, 1991, Plaintiffs' counsel received a letter dated December 28, 1990 from Defendant's counsel. The body of the letter set forth the following:

Please be advised that the above matter has just been referred to this firm. Apparently, the suit was filed in Delaware County sometime in early December by the suit papers were sent to the Colorado office of the Defendant.

I intend to enter my appearance as soon as I receive a copy of the Complaint.

At this time, I am requesting an extension of time to answer the Complaint and will assume that the extension is granted unless I hear from you to the contrary.

Thank you for your courtesy and cooperation, in particular with my concern for actually having the complaint in hand.

Plaintiffs' Preliminary Objections, etc., Exhibit A; Appellants' Record (R.R.), page 45. Upon receiving the letter, Plaintiffs' counsel telephoned Defendant's counsel and indicated that he would agree to an extension to file an answer only until January 18, 1991. The position of Plaintiffs' counsel was confirmed by letter to Defendant's counsel the same day, as follows:

Enclosed please find a copy of the Complaint filed in the above matter, as well as a copy of the signed return receipt indicating valid service on the defendant pursuant to Pa.R.C.P. 404(2) and 405(c). As we discussed on the phone this morning, I just received today your letter requesting an extension to answer. I am granting defendant an extension of two weeks after your receipt of the

Complaint to file an Answer. Accordingly, this extension is until Friday, January 18, 1991.

Please note that the extension of time requested in your letter and by phone was only to answer the Complaint, and that is the only extension I have granted. *Id.,* Exhibit B, R.R., page 46.

On January 11, 1991, thirty-eight days after receiving the Complaint and Notice to Defend, counsel for Defendant simultaneously filed his entry of appearance, preliminary objections to the Complaint in the form of a petition to dismiss for lack of personal jurisdiction, and a notice pursuant to Local Rule 1028.1, requiring a responsive pleading to be filed within thirty days. On January 23, 1991, Plaintiffs filed their preliminary objections to the preliminary objections filed by Defendant. Plaintiffs averred that Defendant's filing of objections (a) violated an alleged agreement between counsel that Defendant would waive the right to file any pleading other than an Answer to the Complaint in consideration for the Plaintiffs having granted an extension of time in which to respond and (b) were untimely. Attached to Plaintiffs' objections were copies of the exchange of letters between counsel. Plaintiffs prayed that the preliminary objections of Defendant be stricken, pursuant to Pa.R.C.P. 1017(b)(2). The Plaintiffs' preliminary objections were filed and served upon Defendant along with the same notice to plead over, pursuant to Local Rule 1028.1.

On February 21, 1991, Defendant filed its Response to Preliminary Objections of Plaintiff to Preliminary Objections of Defendant. Through its Response and its Memorandum of Law in Support thereof, Defendant admitted receiving the Complaint by certified mail in Colorado on December 4, 1991, admitted that the time for filing a response to the Complaint would have expired on December 24, 1990, admitted to the sending and receipt of the letters between counsel regarding an extension of time, but denied any agreement under which Defendant's right to file preliminary objections pertaining to jurisdiction had been waived. On February 25, 1991, an Affidavit in Support of

Preliminary Objections was filed by Defendant. The affidavit purported to be that of one William Grove, the manager of the Cross Creek Condominiums located in Frisco, Colorado. It bore the acknowledgement of a notary public in Summit County, Colorado, under a single notarial seal.

With these pleadings before it, the trial court, on March 5, 1991, entered its order overruling Plaintiffs' preliminary objections and granting Defendant's preliminary objection in the form of a petition to dismiss for lack of personal jurisdiction. The trial court dismissed the complaint "with prejudice and with leave for plaintiffs to refile a complaint in an appropriate jurisdiction." This was error.

■ We first consider the trial court's disposition of Plaintiffs' preliminary objections to the Defendant's preliminary objections. A party has a right to file a preliminary objection raising any appropriate defenses or objections which that party might have to an adverse party's preliminary objection. Pa.R.C.P. 1017(b)(2, 3), 1028(a); *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 593, 511 A.2d 757, 759 (1986); *Clay v. Advanced Computer Applications, Inc.*, 370 Pa.Super. 497, 508–509, 536 A.2d 1375, 1381–82 (1988) *rev'd in part* 522 Pa. 86, 559 A.2d 917 (1989); 5 Standard Pennsylvania Practice 2d § 25:5; *cf. Triage, Inc. v. Commonwealth, Dept. of Transportation*, 113 Pa.Cmwlth. 348, 354, 537 A.2d 903, 907 (1988); GOODRICH–AMRAM 2d § 1017(b):12, 255–56 (1991). The trial court, therefore, was obliged to consider on the merits the Plaintiffs' preliminary objections. *Clay v. Advanced Computer Applications, Inc.*, 370 Pa.Super. at 509, 536 A.2d at 1382.

■ On the issue of whether the exchange of letters between counsel resulted in a written agreement for an extension of time, the trial court correctly ruled that a meeting of the minds was not reached. Our Supreme Court has pronounced the requirements for a binding written agreement for an extension of time:

The requirements, basically, are the same as for any writing which purports to be a contract: the parties must be known; the terms (here the time period involved) must be definite; and the writing must, when plainly construed, indicate an agreement or meeting of the minds on the terms. In addition, an agreement written in the context of statutory or regulatory application must be read in the context of the statute or rule. Finally, although the agreement need not be formal, as the comment [to Pa.R.C.P. 237.1] indicates, it does require at least "an exchange of letters."

*Johnson v. Southeastern Pennsylvania Transportation Authority*, 524 Pa. 209, 214–215, 570 A.2d 71, 73–74 (1990) (footnotes omitted).

Here, Defendant's counsel requested "an extension of time to answer the Complaint." In reply, Plaintiffs' counsel granted "an extension of two weeks ... to file an Answer." Plaintiffs' counsel construed his adversary's prior letter as a request "only to answer the Complaint, and that is the only extension I have granted." In their preliminary objections, and now on appeal, Plaintiffs attempt to argue that the exchange of letters resulted in an agreement for an extension of time "only to answer the [Plaintiffs'] Complaint in this matter." We reject this contention.

If an issue of fact was raised by the preliminary objection regarding the alleged agreement and the response thereto, the court would have been required to take evidence by deposition or otherwise. Pa.R.C.P. 1028(c). *Leahy v. Pa. Liquor Control Board*, 122 Pa.Cmwlth. 251, 257, 551 A.2d 1153, 1156 (1988). After careful review of the pleadings in this case, we conclude that the trial court had sufficient information before it to ascertain whether an agreement was made between the parties. There is no dispute as to the contents of the letters which were exchanged. We would agree with Defendant's contention in its filed Response to Preliminary Objections that "the request for extension of time was not limited to the filing of an Answer, but rather requested an extension to answer the Complaint

which would include, where appropriate, an answer to preliminary objections." Defendant's Response, filed February 21, 1991, ¶ 6, page 3; R.R., page 49.

When we apply the criteria set forth in *Johnson, supra,* we conclude that no agreement was reached. At the very least, the language contained in Defendant's request for extension of time is unacceptably ambiguous: it can either refer to the right to file an answer (responsive pleading to include preliminary objections), or it could refer to the limited right to file an Answer only. In any event, it is clear that counsel for the Plaintiffs only granted an extension of time in which to file an Answer and specifically refused to grant an extension for the filing of any other pleading. Clearly, mutuality of assent is lacking. Counsel for the defendant's request for "an extension of time to answer the Complaint" was denied by counsel for Plaintiffs. Even though there was an exchange of letters, no agreement was reached. *Johnson,* 524 Pa. at 215, 570 A.2d at 74; *Burkett v. Allstate Insurance Co.,* 368 Pa.Super. 600, 608–609, 534 A.2d 819, 824 (1987). Since no agreement was reached, Plaintiffs' contention that Defendant waived his right to challenge personal jurisdiction on this basis must fail.

In the alternative, Plaintiffs contended that Defendant's preliminary objections were not timely filed. The trial court determined that, absent a showing of prejudice, the failure to file a responsive pleading within twenty days, as required by Pa.R.C.P. 1026(a), does not require that the late pleading be stricken. We find no error of law in this finding.

It has long been the law that the rule requiring the filing of a responsive pleading within twenty days is not absolute. Our Supreme Court instructs us:

Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed "if the opposite party is not prejudiced and justice requires. *Much must be left to*

*the discretion of the lower court." Fisher v. Hill,* 368 Pa. 53, 81 A.2d 860 (1951). (Emphasis added.)

*Paulish v. Bakaitis,* 442 Pa. 434, 441–42, 275 A.2d 318, 321–22 (1971). This court has recognized that it is within the sound discretion of the trial court to permit a late filing of a pleading where the opposing party will not be prejudiced and justice so requires. *Boarts v. McCord,* 354 Pa.Super. 96, 100–101, 511 A.2d 204, 207 (1986), *Louis v. Clark,* 227 Pa.Super. 547, 550, 323 A.2d 298, 299–300 (1974). Where possible, the rules of civil procedure, including filing rules, should be liberally construed in order to effect equitable results. Pa.R.C.P. 126, *Boarts v. McCord,* 354 Pa.Super. at 101, 511 A.2d at 207.

In the present case, Defendant's preliminary objections were filed during the period for which an extension had been granted, albeit for other purposes, by Plaintiffs. They were filed within nine days of the receipt of a copy of the Complaint by defense counsel from Plaintiffs' counsel. The objections were the exclusive means by which to raise the question of personal jurisdiction and Defendant's failure to so raise the question would have constituted a waiver of that defense. Pa.R.C.P. 1017(b)(1), 1028(b), 1032; *Tops Apparel Manufacturing Company v. Rothman,* 430 Pa. 583, 585, 244 A.2d 436, 437–38 (1968); *Monaco v. Montgomery Cab. Co.,* 417 Pa. 135, 208 A.2d 252 (1965); *Roskwitalski v. Reiss,* 338 Pa.Super. 85, 94, 487 A.2d 864, 868 (1985) *appeal denied* 514 Pa. 619, 521 A.2d 933 (1987); GOODRICH–AMRAM 2d § 1032:2, page 138 (1991).

■ There are no averments in Plaintiffs' Preliminary Objections to the Preliminary Objections filed by Defendant to suggest that Plaintiffs were prejudiced in any way by the late filing on January 11, 1991. The thrust of Plaintiffs' position both in the trial court and on appeal has been the existence of the written agreement for a limited extension of time and not the untimeliness of the filing. The prejudice necessary to support Plaintiffs' contention must be such prejudice as flows from the fact that the allegations are offered *late* rather than on time, and not such prejudice

as results from the fact that the opponent may lose the case on the merits if the pleading is allowed. *Bata v. Central Penn National Bank of Philadelphia,* 448 Pa. 355, 380, 293 A.2d 343, 357 (1972); *Joyce v. Safeguard Mutual Assurance Co.,* 362 Pa.Super. 522, 527 n. 2, 524 A.2d 1362, 1364 n. 2 (1987).

In the case now before us, the trial court did not abuse its discretion in refusing to strike Defendant's preliminary objections, based on their untimely filing. The delay was brief and Plaintiffs had not acted to take a default judgment. Plaintiffs have not even suggested that they were prejudiced in any way by the brief delay in filing Defendant's responsive pleading. The trial court could, within its discretion, properly refuse to strike the preliminary objections of Defendant. *Allison v. Merris,* 342 Pa.Super. 571, 574–75, 493 A.2d 738, 740 (1985).

We turn now to review that portion of the trial court's order which sustained Defendant's preliminary objections in the form of a petition to dismiss for lack of personal jurisdiction. In examining the trial court's decision to sustain the objection to jurisdiction, we are guided by the following scope of review:

[W]hen preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt.... Moreover, when deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the nonmoving party. [citations omitted].

*Barber v. Pittsburgh Corning Corp.,* 317 Pa.Super. 285, 302–03, 464 A.2d 323, 332 (1983), *cert. denied* 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 346 (1984), *cited in Kenneth H. Oaks, Ltd. v. Josephson,* 390 Pa.Super. 103, 105, 568 A.2d 215, 216 (1989), *followed in Garzone v. Kelly,* 406 Pa.Super. 176, 593 A.2d 1292, 1296 (1991).

We have previously concluded that the trial court had sufficient information before it to resolve the issue

concerning a written agreement for an extension of time without the need to take evidence by deposition or otherwise. We reach a contrary conclusion on the issue of whether personal jurisdiction was lacking. We are particularly guided by the rules laid down by this Court in *Holt Hauling and Warehousing Systems, Inc. v. Aronow Roofing Co.*, 309 Pa.Super. 158, 161–162, 454 A.2d 1131, 1133 (1983):

> Where a defendant wishes to challenge the court's exercise of in personam jurisdiction, he may do so by filing preliminary objections.... Pa.R.C.P. 1017(b)(1). If an issue of fact is raised by the preliminary objections, "the court shall take evidence by depositions or otherwise." Pa.R.C.P. 1028(c). In such a situation the court should not reach a determination based upon its view of the controverted facts, but must "resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing." ... The failure of the parties to provide the evidence necessary for a proper determination of the issue does not excuse the court from further inquiry. Thus, it was incumbent on the court below to take evidence to resolve the dispute.... Moreover, it was not [Plaintiff] but [Defendant] who, as the moving party, bore the burden of supporting its objections to the court's jurisdiction. [citations omitted].

█ Here, when Plaintiffs filed their preliminary objections to Defendant's preliminary objections, they included an averment that "Defendant's Preliminary Objections also are completely lacking in factual support through affidavits or other competent evidence, and must be denied for that reason alone." Plaintiffs' Preliminary Objections filed January 23, 1991, page 3, ¶ 9; R.R., page 33. A month later, Defendant filed its Affidavit in Support of Preliminary Objections of Defendant. R.R., pages 57–58. Defendant alleged that it does not (1) maintain an office within the Commonwealth of Pennsylvania, (2) advertise in newspapers of general circulation within the Commonwealth, nor (3) engage or transact business in the Commonwealth on

any regular or continuous basis. Defendant further averred that it advertises only in one major publication, *Ski Magazine*, which Defendant alleged is distributed on a national basis but is not targeted specifically to Pennsylvania residents. *Id.*

The affidavit was the only evidence before the trial court prior to its ruling now on appeal. No opportunity was afforded Plaintiffs to respond on the merits to the Preliminary Objections of the Defendant or to the affidavit alleging no minimal contacts within the state. This was error. The trial court correctly overruled the preliminary objections filed by Plaintiffs. However, having done so, it failed to afford Plaintiffs any opportunity to respond to the Preliminary Objections of the Defendant.

Pa.R.C.P. 1028(d) provides:

**Rule 1028.  Preliminary Objections**

. . . .

(d) If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty (20) days after notice of the order or within such other time as the court shall fix.

This court has found the right to plead over when preliminary objections are dismissed to be absolute. *International Lands, Inc. v. Fineman*, 285 Pa.Super. 548, 550, 428 A.2d 181, 182 (1981), *cited in Delaware County Solid Waste Authority v. Earl Tp., Bucks County*, 112 Pa. Cmwlth. 76, 81, 535 A.2d 225, 227 (1987); GOODRICH–AMRAM 2d § 1028(d):1, pages 57–58 (1991). The trial court's granting of final relief to Defendant in the form of dismissal of the Complaint with prejudice while denying Plaintiffs the right to answer and without expressly finding any facts on which to base its order was an action in excess of the trial court's powers. *Earl Tp., Bucks County, supra.*

There is some authority for the use of affidavits to resolve preliminary objections raising questions of jurisdiction rather than through interrogatories, depositions or an evidentiary hearing. *Slota v. Moorings, Ltd.*, 343 Pa.Su-

14

per. 96, 100–101, 494 A.2d 1, 2–3 (1985).  Submission of evidence by affidavit is not a recommended procedure but was approved in *Slota* on the basis that the facts attested to in the affidavit before that court were both clear and specific.  Moreover, at least one of the plaintiffs in that case had been deposed, and the statements of the deponent were found to be nothing more than rumor, surmise and conjecture.  *Id.*  We find *Slota* to be distinguished from the case now before us.  Having properly filed preliminary objections to Defendant's preliminary objections, Plaintiffs had every right to expect that they would be afforded an opportunity to respond to the jurisdictional issue, in the event their objections based on timeliness and waiver were not sustained.  Rule 1028(d).

Because Plaintiffs retain their right to file a responsive pleading on the merits to Defendant's preliminary objections, it is unnecessary for this court to review the reasons given by the trial court for dismissing the Complaint.  *International Lands, Inc., supra.*  The question of jurisdiction has been controverted.  The trial court is required, therefore, to resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing.  Pa.R.C.P. 1028(c);  *Luitweiler v. Northchester Corp.,* 456 Pa. 530, 535, 319 A.2d 899, 902 (1974);  *Holt Hauling and Warehousing Systems, Inc., supra.*

We do not decide whether Defendant, Cross Creek Condominiums, is subject to the jurisdiction of our courts.  That is a matter for determination by the trial court.  We do hold that a party enjoys an absolute right to plead over and must be afforded an appropriate period of time within which to file a responsive pleading, upon the dismissal of that party's preliminary objections to preliminary objections.  *Holt Hauling and Warehousing Systems, Inc., supra; International Lands, Inc. v. Fineman, supra.*

The order sustaining and granting Defendant's Preliminary Objection in the form of a petition to dismiss for lack of personal jurisdiction and dismissing the Complaint with prejudice is REVERSED.  The case is REMANDED for the

entry of an order granting Plaintiffs an appropriate period within which to file a responsive pleading to Defendant's Preliminary Objections filed January 11, 1991 and its Affidavit filed February 25, 1991. Jurisdiction relinquished.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

I join the majority's decision to remand for the purpose of allowing plaintiffs to file a responsive pleading to defendant's preliminary objections raising a question of jurisdiction. I write separately to observe that this right to file a responsive pleading to preliminary objections exists only where the preliminary objections aver facts and where said preliminary objections have been duly endorsed with a notice to plead. Where preliminary objections averring facts are not endorsed with a notice to plead, the facts averred in the preliminary objections are deemed denied. See: Pa.R.C.P. 1026(a). In such cases, it becomes the burden of the objector to prove the alleged facts via depositions or evidentiary hearing.