J-S39007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ALAN B. ZIEGLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SANBURA CONSTRUCTION, LLC AND | : | No. 587 MDA 2022 |
| MANUEL SANCHEZ | : | |

Appeal from the Order Entered March 25, 2022
In the Court of Common Pleas of Berks County
Civil Division at No(s):  21-17154

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED: FEBRUARY 7, 2023**

Alan B. Ziegler appeals from the order granting the preliminary objections filed by Sanbura Construction, LLC and Manuel Sanchez (collectively "Appellees"), and dismissing Ziegler's complaint with prejudice. Ziegler argues that Appellees filed untimely preliminary objections; the trial court did not provide him with the opportunity to brief and argue in support of his preliminary objections to Appellees' preliminary objections; and the trial court erred in dismissing his claims. We affirm.

Ziegler, a licensed attorney, owns an office building in Reading, Pennsylvania. Due to weather and age, the building's roof was leaking and causing damage to the interior of the building. Sanchez, an employee of Sanbura, submitted a bid to repair the roof and the related interior damage, estimating the cost to be $17,600. The parties executed a written agreement

on September 20, 2021, which set forth the scope of the work to be performed and estimates about the costs. Importantly, the agreement did not include any requirement that Appellees prepare a written inspection report stating what damage to the roof was caused by weather and/or age so that Ziegler could submit the report to his insurance carrier for reimbursement. Further, the agreement included an integration clause.

Sanbura completed the repairs, and Ziegler paid Sanbura in accordance with the agreement. Thereafter, Ziegler sent multiple letters to Appellees, requesting a report with estimates to send to his insurance company regarding the repairs to the roof and interior of the building. Appellees did not provide a report to Ziegler.

Based upon Appellees' failure to provide the report, on January 21, 2022, Ziegler filed a complaint against Appellees, raising claims of fraud, negligent misrepresentation, and breach of contract. On February 22, 2022, Appellees filed preliminary objections to the complaint. The trial court scheduled a hearing on Appellees' preliminary objections. In the interim, Ziegler filed preliminary objections to Appellees' preliminary objections. At the hearing, the trial court first heard argument on Ziegler's preliminary objections and then Appellees' preliminary objections. Thereafter, the trial court entered an order, overruling Ziegler's preliminary objections, sustaining Appellees' preliminary objections, and dismissing Ziegler's complaint with

prejudice. Ziegler filed a timely appeal and a court-ordered Pa.R.A.P. 1925(b)

concise statement.

On appeal, Ziegler raises the following questions for our review:

A. Did the lower court err in failing to grant or even address Plaintiff Alan B. Ziegler's preliminary objections to [Appellees'] preliminary objections to plaintiff complaint?

B. Assuming Plaintiff Alan B. Ziegler's preliminary objections to [Appellees'] preliminary objections were properly denied, did the lower court err in failing to permit [Ziegler] to brief and have oral argument on [Appellees'] preliminary objections to [Ziegler's] complaint?

C. Did the lower court err in dismissing count I — fraud in [Ziegler's] complaint without briefing and oral argument on the same?

D. Did the lower court err in dismissing count II, negligent misrepresentation in [Ziegler's] complaint without briefing and oral argument on the same?

Appellant's Brief at 5 (quotation marks and some capitalization omitted).

Our review of a trial court's grant of preliminary objections in the nature

of a demurrer is as follows:

[o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If

any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted).

We will address Ziegler's first and second claims together. Ziegler argues that the trial court erred by failing to consider and grant his preliminary objections to Appellees' preliminary objections. *See* Appellant's Brief at 9, 10-11. According to Ziegler, the trial court ignored the issue raised in his preliminary objections, namely that Appellees' preliminary objections were untimely and should have been stricken. *See id.* at 9, 10. Ziegler also complains that under the Berks County Rules of Civil Procedure 211.2(d),[1] he was not required to file a brief in opposition to Appellees' preliminary objections until the trial court had dealt with his preliminary objections, and therefore, the trial court should have ruled on Appellees' preliminary objections after he filed his brief. *See id.* at 11. Ziegler further claims that the

---

[1] Rule 211.2(d) states the following, in relevant part:

> In those cases where the party having the burden at argument has filed a praecipe for argument and accompanying documents in compliance with the requirements of subsection (a), each opposing party shall file with the Prothonotary on or before the Tuesday (or Monday if Tuesday is a holiday) prior to the argument court date the required copies of his brief of argument accompanied by a proof of service[.]

B.R.C.P. 211.2(d).

trial court's focus on the causes of action pleaded in the complaint during the hearing was not proper. ***See id.*** at 10.

As a preliminary matter, Ziegler failed to raise his claim that Appellee's preliminary objections were untimely filed in his Rule 1925(b) concise statement; thus, this claim is waived on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (stating that any issues not raised in a 1925(b) statement will be deemed waived). Nevertheless, we note that under Pennsylvania Rule of Civil Procedure 1026(a), all pleadings after the filing of a complaint must be filed within 20 days after service of the preceding pleading. ***See*** Pa.R.C.P. 1026(a). "[T]his Rule has been interpreted as permissive rather than mandatory. It is left to the sound discretion of the trial court to permit a late filing of a pleading where the opposing party will not be prejudiced and justice so requires." ***Am. Future Sys., Inc. v. BBB***, 872 A.2d 1202, 1215 (Pa. Super. 2005) (citation omitted). Here, Ziegler merely cites to Rule 1026(a) in his brief, but does not assert prejudice regarding the late filing, and the trial court made no such finding. ***See Ambrose v. Cross Creek Condos.***, 602 A.2d 864, 868 (Pa. Super. 1992) (stating that absent a showing of prejudice, the failure to file a responsive pleading within twenty days does not require the late pleading to be stricken).

Regarding Ziegler's claim that the trial court did not address his preliminary objections, we conclude that his argument is wholly without merit. Indeed, at the hearing, the trial court heard argument from Ziegler on his

preliminary objections, wherein he claimed that Appellees' preliminary objections were untimely filed, and the trial court expressly denied the preliminary objections. ***See*** N.T., 8/21/21, at 5-7. Moreover, while Ziegler baldly argues that he was not required to file a brief in response to Appellee's preliminary objections, he ignores that Appellees attached to their preliminary objections a praecipe for argument on March 21, 2022. Accordingly, under Rule 211.2(d), Ziegler had the opportunity to file his brief in opposition on the Tuesday before the argument, March 15, 2022, but failed to do so. ***See*** B.R.C.P. 211.2(d); ***see also*** B.R.C.P. 1028(c) (stating that "any party opposing preliminary objections which are not endorsed with a notice to plead … shall, on or before the Tuesday (or Monday, if Tuesday is a holiday) before the argument court date, file an argument brief in response to the preliminary objections[.]"). Therefore, Ziegler is not entitled to relief on his first and second claims.

We will address Ziegler's third and fourth claims together. In his third claim, Ziegler contends that the trial court erred in granting Appellees' preliminary objections and dismissing his fraud count with prejudice. ***See*** Appellant's Brief at 12. Ziegler asserts that he averred in the complaint that Sanchez indicated that he would submit a bid to repair the building's damage and prepare a report so that Ziegler could be reimbursed by his insurance carrier. ***See id.*** at 13. Ziegler maintains that he relied on these representations, and as a result, he suffered damages. ***See id.*** at 13-14.

In his fourth claim, Ziegler argues that the trial court erred in dismissing his negligent misrepresentation claim. ***See id.*** at 12, 15-16. Ziegler maintains that Appellees had a duty of good faith and honesty to him; Appellees promised to repair the building and assist Ziegler in obtaining reimbursement from his insurance carrier; Appellee's misrepresentation induced Ziegler to hire them; he justifiably relied on this misrepresentation; and he suffered damages. ***See id.*** at 15-16.[2]

"In general, courts are cautious about permitting tort recovery based on contractual breaches." ***Hart v. Arnold***, 884 A.2d 316, 339 (Pa. Super. 2005) (citation omitted). When a plaintiff alleges that the defendant committed a tort in the course of carrying out a contractual agreement, Pennsylvania courts examine the claim and determine whether the "gist of the action" sounds in contract or tort. ***See Egan v. USI Mid-Atlantic, Inc.***, 92 A.3d 1, 18 (Pa. Super. 2014) (stating that the "gist of the action" doctrine is designed to maintain the conceptual distinction between breach of contract and tort claims).

> The gist of the action doctrine acts to foreclose tort claims: 1) arising solely from the contractual relationship between the parties; 2) when the alleged duties breached were grounded in the contract itself; 3) where any liability stems from the contract; and 4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

---

[2] Ziegler does not raise any argument relating to his breach of contract claim.

***Reardon v. Allegheny Coll.***, 926 A.2d 477, 486 (Pa. Super. 2007) (citations

omitted).

Courts must make a duty-based inquiry to determine whether the claim

is in tort or contract:

> [T]he substance of the allegations comprising a claim in a
> plaintiff's complaint are of paramount importance, and, thus, the
> mere labeling by the plaintiff of a claim as being in tort, *e.g.*, for
> negligence, is not controlling. If the facts of a particular claim
> establish that the duty breached is one created by the parties by
> the terms of their contract—*i.e.*, a specific promise to do
> something that a party would not ordinarily have been obligated
> to do but for the existence of the contract—then the claim is to be
> viewed as one for breach of contract. If, however, the facts
> establish that the claim involves the defendant's violation of a
> broader social duty owed to all individuals, which is imposed by
> the law of torts and, hence, exists regardless of the contract, then
> it must be regarded as a tort.

***Bruno v. Erie Ins. Co.***, 106 A.3d 48, 68 (Pa. 2014) (citations omitted).

Here, the foundation of Ziegler's fraud and negligent misrepresentation

claims is that Appellees allegedly promised to prepare a report apportioning

the damages to the building so that Ziegler could be reimbursed by his

insurance carrier. **See** Complaint, 1/21/22, at 2. Ziegler's claims are based

upon an agreement between the parties; as such, any liability was a result of

the contract. **See Hart**, 884 A.2d at 341 (stating that the fraud claim "arose

solely from the contract between the parties and were created and grounded

in the contract itself."). Indeed, Ziegler's claim of fraud and negligent

misrepresentation were essentially identical to his breach of contract claim

and success on his tort claims would require invalidation of the integration

clause in the written contract. *See Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436-37 (Pa. 2004); *see also Hart*, 884 A.2d at 340 (holding that a fraudulent inducement claim was precluded due to the integration clause in the contract, noting that a party cannot rely upon prior oral representations and then sign a contract containing terms which refute the alleged oral representations). Ziegler's tort claims do not allege fraud, mistake, or accident in the drafting of the written contract, but assert the existence of an oral agreement imposing additional duties on Appellees. Accordingly, Ziegler's claim is properly viewed as an action on the contract, and his allegations of fraud and negligent misrepresentation are barred by the gist of the action doctrine. *See Hart*, 884 A.2d at 341 (concluding that appellant's fraud claims are barred under the gist of the action doctrine because they are wholly dependent on the terms of the contract, which is the main cause of action). Importantly, the contract itself did not require Appellees to file any report apportioning the damages so that Ziegler could get reimbursed by his insurance carrier. Therefore, the trial court did not err in granting Appellees' preliminary objections and dismissing Ziegler's complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/07/2023