J-S09014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HEIDI R. KING, EXECUTRIX OF THE ESTATE OF ANTHONY J. ROBBINS, SR., DECEASED | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1801 EDA 2025 |
| | : | |
| OAKWOOD HEALTHCARE, LLC D/B/A OAKWOOD HEALTHCARE & REHABILITATION CENTER, AND OAKWOOD SENIOR HOLDINGS, LLC | : : : : | |

Appeal from the Order Entered July 10, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240700476

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 1, 2026**

In this medical malpractice action, Heidi R. King (Appellant), Executrix of the Estate of Anthony J. Robbins, Sr., Deceased (the Estate), appeals from the trial court's order sustaining the preliminary objections filed by Oakwood Healthcare, LLC d/b/a Oakwood Healthcare & Rehabilitation Center, and Oakwood Senior Holdings, LLC (collectively, Defendants), and transferring venue to Montgomery County.  Pertinently, the trial court filed a Pa.R.A.P. 1925(a) opinion expressing its agreement with Appellant that the order should

_____

* Former Justice specially assigned to the Superior Court.

be reversed in part. After careful review, we affirm in part, reverse in part, and remand for further proceedings.

On July 3, 2024, Appellant filed a complaint, on behalf of the Estate, asserting wrongful death and survival claims against Defendants. The complaint alleged that, while Anthony J. Robbins, Sr. (Decedent), resided at Defendants' rehabilitation facility, Defendants' negligent medical care caused Decedent to suffer injuries that contributed to his death. Appellant served Defendants with the complaint on July 26, 2024.

On January 31, 2025, Defendants filed preliminary objections to the complaint, arguing, *inter alia*, that venue should be transferred from Philadelphia County to Montgomery County. Defendants alleged that, upon Decedent's admission to Defendants' facility, Decedent's attorney-in-fact signed an Admission Agreement on Decedent's behalf. ***See*** Defendants' Preliminary Objections, 1/31/25, ¶ 3. Though the facility is located in Philadelphia County, the Admission Agreement provided that "the Parties hereby agree to have all disputes resolved in the Court of Common Pleas for Montgomery County, PA." ***Id.***, Exhibit B (Admission Agreement, 8/29/22, § XV).

On February 24, 2025, Appellant filed preliminary objections to Defendants' preliminary objections. Appellant argued Defendants' preliminary objections should be stricken as untimely filed. ***See*** Appellant's Preliminary Objections, 2/24/25, ¶¶ 6-10 (citing Pa.R.C.P. 1026(a) (providing that "every

pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading….")). Appellant's preliminary objections did not address the substantive merits of Defendants' preliminary objections. **See generally id.** On March 27, 2025, Defendants filed an answer to Appellant's preliminary objections.

On June 10, 2025, the trial court entered an order sustaining Defendants' preliminary objection regarding venue, and transferring venue to Montgomery County. On June 12, 2025, Appellant filed a timely motion for reconsideration, arguing the trial court failed to rule on Appellant's own preliminary objections, and maintaining Defendants' preliminary objections should be stricken as untimely filed.

On July 10, 2025, the trial court entered an order which (1) granted Appellant's motion for reconsideration and vacated its June 10, 2025, order; (2) overruled Appellant's preliminary objections to Defendants' preliminary objections; (3) sustained Defendants' preliminary objection to venue; and (4) and transferred venue to Montgomery County. **See** Order, 7/10/25.[1]

Appellant timely appealed.[2] Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents a single question for our review:

---

[1] Though dated July 9, 2025, the order was docketed on July 10, 2025.

[2] "Under Pa.R.A.P. 311, interlocutory appeals may be taken as of right from certain enumerated orders," including "an order in a civil action or proceeding changing venue or transferring the matter to another court of coordinate

*(Footnote Continued Next Page)*

> Whether the trial court erred in sustaining [] Defendants' preliminary objections to [Appellant's] complaint, and transferring venue to the Montgomery County Court of Common Pleas, because the trial court did not afford [Appellant] an opportunity to substantively respond on the merits to the jurisdictional issues raised in Defendants' preliminary objections after [Appellant's own] preliminary objections, timely and appropriately filed in response to Defendants' preliminary objections, were overruled?

Appellant's Brief at 5 (some capitalization modified).

Appellant argues that the trial court erred in sustaining Defendants' preliminary objections "without affording [Appellant] an opportunity to plead over and substantively respond to Defendants' preliminary objections after [Appellant's] own preliminary objections were overruled." *Id.* at 9. Appellant maintains that "a party enjoys an absolute right to plead over and must be afforded an appropriate period of time within which to file a responsive pleading, upon the dismissal of that party's preliminary objections to preliminary objections." *Id.* at 10-11 (quoting *Ambrose v. Cross Creek Condominiums*, 602 A.2d 864, 870 (Pa. Super. 1992)).

"When reviewing an order sustaining preliminary objections, our standard of review is *de novo* and our scope of review is plenary." *Winner*, 345 A.3d at 756 (citation omitted); *see also Kopinetz v. Waste Mgmt. & Processors, Inc.*, 315 A.3d 138, 142 (Pa. Super. 2024) ("[O]ur standard of

---

jurisdiction." *Winner v. Progressive Advanced Ins. Co.*, 345 A.3d 750, 756 (Pa. Super. 2025) (citing Pa.R.A.P. 311(c) ("An appeal may be taken as of right from an order in a civil action or proceeding changing venue, [or] transferring the matter to another court of coordinate jurisdiction....")).

review of an order of the trial court overruling or sustaining preliminary objections is to determine whether the trial court committed an error of law." (citation omitted)). "On an appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the plaintiff's complaint and all reasonable inferences which may be drawn from those facts." *Winner*, 345 A.3d at 756 (citation omitted).

Pennsylvania Rule of Civil Procedure 1028 provides, in pertinent part, as follows:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> > (1) … **improper venue** …;
> >
> > (2) failure of a pleading to conform to law or rule of court….
>
> * * *
>
> [(c)](2) The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by depositions or otherwise.
>
> > *Note*: **Preliminary objections raising an issue under subdivision (a)(1)** … **cannot be determined from facts of record.** In such a case, the preliminary objections must be endorsed with a notice to plead or no response will be required under Rule 1029(d).
> >
> > However, preliminary objections raising an issue under subdivision (a)(2), (3) or (4) may be determined from facts of record so that further evidence is not required….
>
> (d) **If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty days after notice of the order or within such other time as the court shall fix**.

Pa.R.C.P. 1028 (emphasis added).

- 5 -

In its Rule 1925(a) opinion, the trial court requested that its July 10, 2025, order be reversed in part. *See* Rule 1925(a) Opinion, 10/31/25, at 4. The trial court reasoned as follows:

Pennsylvania Rule of Civil Procedure 1028(d) provides: "If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty days after notice of the order or within such other time as the court shall fix." Pa.R.C.P. 1028(d). The Superior Court has held that "a party enjoys an absolute right to plead over and must be afforded an appropriate period of time within which to file a responsive pleading, upon the dismissal of that party's preliminary objections to preliminary objections." *Ambrose*, 602 A.2d at 870.

In *Ambrose* …, the defendant filed preliminary objections asserting a lack of personal jurisdiction. *Id.* at 866. Plaintiffs filed preliminary objections to these preliminary objections. *Id.* The trial court in *Ambrose* entered an order overruling the plaintiffs' preliminary objections and granting the defendant's preliminary objections, "dismissing the complaint 'with prejudice and with leave for plaintiffs to refile a complaint in an appropriate jurisdiction.'" *Id.* The Superior Court held that while the trial court properly exercised its discretion in overruling the plaintiffs' preliminary objections, the trial court erred in sustaining the defendant's preliminary objections where the plaintiffs had not had an opportunity to respond on the merits. *Id.* at 865, 868-70.

The Superior Court reached a similar conclusion in *Parastino v. Lathrop*, 697 A.2d 1004, 1006 (Pa. Super. 1997), where it stated that preliminary objections which cannot be determined from facts of record "must be endorsed with a notice to plead and the non-objecting party must therefore be given an opportunity to respond." *Parastino*, 697 A.2d at 1006.

Here, [Defendants] filed preliminary objections as to venue, properly endorsed with a notice to plead. Pennsylvania Rule of Civil Procedure 1028 provides that preliminary objections to venue cannot be determined from facts of record. *See* Pa.R.C.P. 1028(c)(2), Note. Therefore, [Appellant] must be afforded an opportunity to respond. *Id.*; *see also Chester Upland School Dist. v. Yesavage*, 653 A.2d 1319, 1325 (Pa. Cmwlth. 1994) ("The right to plead over and file a responsive pleading to

preliminary objections exists only where the preliminary objections aver facts and where the preliminary objections have been duly endorsed with a notice to plead."). Appellant here filed preliminary objections to [Defendants'] preliminary objections as to the issue of timeliness but did not substantively respond to the issue of venue. After th[e trial c]ourt overruled Appellant's preliminary objections, Appellant had a right to substantively respond to [Defendants'] preliminary objections. ***See Ambrose***, 602 A.2d at 870.

Rule 1925(a) Opinion, 10/31/25, at 3-4 (some citations modified).

We agree with the trial court that the portion of its July 10, 2025, order sustaining Defendants' preliminary objections and transferring venue warrants reversal. As Defendants' preliminary objections raised issues of fact and were endorsed with a notice to plead, Appellant had a right to file a responsive pleading after the trial court overruled Appellant's own preliminary objections. ***See Ambrose***, 602 A.2d at 870.[3]

_____

[3] Defendants attempt to distinguish ***Ambrose*** by asserting that Defendants' preliminary objections do not involve issues of fact and "can be determined as a matter of law through basic contract interpretation." Defendants' Brief at 9-10. However, the very existence of the contract upon which Defendants rely is a new fact alleged for the first time in Defendants' preliminary objections. ***See*** Defendants' Preliminary Objections, 1/31/25, ¶ 3 (alleging Decedent's attorney-in-fact "signed the Admission Agreement on August 29, 2022," on Decedent's behalf); ***see also*** Pa.R.C.P. 1028(c)(2), Note (noting that preliminary objections asserting improper venue "cannot be determined from facts of record"). Appellant's complaint did not allege the existence of any contract, did not attach the Admission Agreement, and raised no contract-based claims. ***See generally*** Complaint, 7/3/24.

Accordingly, we reverse the portion of the July 10, 2025, order sustaining Defendants' preliminary objections and transferring venue. [4] Upon remand, the trial court shall afford Appellant "an appropriate period of time within which to file a responsive pleading" to Defendants' preliminary objections. *Id.*

Order affirmed in part and reversed in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/1/2026

---

[4] Appellant does not allege error with respect to the trial court's overruling of Appellant's own preliminary objections. *See generally* Appellant's Brief. We therefore affirm the portions of the July 10, 2025, order which granted Appellant's motion for reconsideration, vacated the June 10, 2025, order, and overruled Appellant's preliminary objections. *See* Order, 7/10/25; *see also id.* n.2 (determining Appellant was not prejudiced by Defendants' late-filed preliminary objections); *Ambrose*, 602 A.2d at 868 (recognizing "that it is within the sound discretion of the trial court to permit a late filing of a pleading where the opposing party will not be prejudiced and justice so requires").