**PACKARD PRESS CORPORATION**

v.

**COM VU CORPORATION.**

**Civ. A. No. 83–4221.**

United States District Court,
E.D. Pennsylvania.

Jan. 20, 1984.

David P. Grunfeld, Philadelphia, Pa., for plaintiff.

Joseph J. Schafle, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

KELLY, District Judge.

Presently before the Court is defendant's amended motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b). During a hearing on the motion the defendant admitted to proper service of the complaint but argued inadvertence of counsel in responding thereto and alternatively lack of *in personam* jurisdiction. I find herein this court has *in personam* jurisdiction and vacate judgment due to inadvertence of counsel.

Fed.R.Civ.P. 60(b) is to be construed liberally and in close cases doubts are to be resolved in favor of the petition to set aside the judgment to allow cases to be decided on their merits. *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656 (3d Cir.1982); *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir.1951).

■ The standard of review to vacate a default judgment established by the Third Circuit is:

1. Whether the plaintiff will be prejudiced;

2. Whether the defendant has a meritorious defense; and

3. Whether culpable conduct of the defendant led to the default.

*Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656 (3d Cir.1982); *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982); *Livingston Powdered Metal, Inc. v. N.L. R.B.,* 669 F.2d 133, 136 (3d Cir.1982).

■ I find no prejudice will result to plaintiff from opening of the judgment. Plaintiff has not demonstrated to the court that there will be a loss of evidence, fraud, collusion or prejudice. Mere delay in realizing satisfaction of a claim does not serve to establish the degree of prejudice sufficient to prevent the opening of a default entered at an early stage of the proceeding. *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d at 657.

■ The second factor assesses the defendant's meritorious defense(s). He avers two: lack of jurisdiction and the amount charged by plaintiff is an allegedly inflated amount. The defendant has set forth *prima facie* meritorious defenses. Thus, defendant has a valid defense to at least part of plaintiff's claim, the merits of which will be addressed at trial. *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d at 657; *Farnese v. Bagnasco,* 687 F.2d at 764.

■ The last factor focuses on whether culpable conduct on the part of the defendant led to the default. The affidavit of Paul Brown, president of defendant Com Vu Corporation, states he forwarded a copy of the complaint to his counsel requesting that they fully represent defendant's interests. Consequently, settlement negotiations were entered by Whitman & Ransom, defendant's first counsel, and despite defendant's good faith efforts in reaching an accord, plaintiff sought default. Defendant retained a second counsel, Michael Mantell, to represent its interest in this matter.

The affidavit of Michael Mantell states that the Complaint was accompanied by a notice and acknowledgment form stating service was being made pursuant to Fed.R. Civ.P. 4(c)(2)(C)(ii). The form instructs the defendant to return it or, in the alternative, states that service will be made by the Marshal or his designee. Mantell avers he examined the file at the Courthouse and saw that the acknowledgment form had not been returned and that no proof of service complying with Fed.R.Civ.P. 4(c)(2)(C)(ii) had been filed. Mantell was of the opinion service had not been made and was awaiting such. Plaintiff contends service was pursuant to the Pennsylvania Long Arm Statute by registered mail and notice was not required. Defendant argued that this sequence of events is at worst excusable neglect or inadvertence and was not willful or bad faith conduct. I agree that counsel did not act culpably and therefore the default judgment will be opened. *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d at 657.

■ In argument plaintiff averred this Court lacked *in personam* jurisdiction.

The Court has a continuing duty to ensure that such jurisdiction exists before advancing to the merits. Fed.R.Civ.P. 12(h)(3). When the court's *in personam* jurisdiction is challenged by the defendant, the plaintiff must prove that the non-resident defendant's activities in the forum state are sufficient to bring it within the reach of this court's jurisdiction. *Strick Corp. v. A.J.F. Warehouse Distrib., Inc.,* 532 F.Supp. 951 (E.D.Pa.1982) (Pollak, J.).

 In short, the standard for jurisdiction in this action is 42 Pa.C.S.A. § 5322(b) which provides that jurisdiction may be "based on the most minimum contact with this commonwealth allowed under the Constitution of the United States", provided that jurisdiction is based upon those contacts. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Strick Corp. v. A.J.F. Warehouse Distrib., Inc.,* 532 F.Supp. at 955. In argument plaintiff averred that the New York defendant sought out the Pennsylvania plaintiff to print a prospectus and that such prospectus was used by the defendant in a public offering. Further, that the plaintiff billed and made extensive communications by mail and telephone with the defendants. And defendant voluntarily communicated with plaintiffs in Pennsylvania to amend and correct the prospectus before final printing. (Complaint Exhibit A). These contacts are sufficient for *in personam* jurisdiction. *Columbia Metal Culvert Co. v. Kaiser Industries Corp.,* 526 F.2d 724 (3d Cir.1975); *Shen Manufacturing Co., Inc. v. Gen-Tex Printing Co.,* 465 F.Supp. 829 (E.D.Pa.1978).

And finally, this court has a specific interest in providing a forum for resolving disputes arising from contracts entered into by its residents which have an impact on its commerce. *Paolino v. Channel Home Centers,* 668 F.2d 721 at 724 (3d Cir.1981); *Strick Corp. v. A.J.F. Warehouse Distrib., Inc.,* 532 F.Supp. at 960; *Shen Manufacturing Co., Inc. v. Gen-Tex Printing Co.,* 465 F.Supp. at 831. Based upon the above, I find that the defendant may be subject to this suit in Pennsylvania.

Accordingly, an appropriate Order follows.