568 A.2d 215

**KENNETH H. OAKS, LTD., T/A Oaks Printing Co., Appellant,**

v.

**Paul JOSEPHSON, Individually and d/b/a The Josephson Company and The Josephson Co., Inc.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1989.

Filed Dec. 28, 1989.

Frank A. Baker, III, Bethlehem, for appellant.

Daniel M. Replogle, III, Camden, N.J., for appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a final[1] order of the Court of Common Pleas of Northampton County, sustaining appellee's (defendant's) preliminary objections as to jurisdiction and dismissing appellant's (plaintiff's) complaint. We reverse.

In October, 1988, appellant Kenneth H. Oaks, Ltd. (Oaks) filed a civil action complaint in the lower court alleging breach of a contractual agreement and negligence on the part of appellee The Josephson Company and Paul Josephson individually. Oaks is a Pennsylvania corporation engaged in the business of commercial printing and related services with offices in Northampton County, Pennsylvania. Paul Josephson is a resident of New Jersey and The Josephson Company is a New Jersey corporation with offices in that state. The Josephson Company (Josephson) is an advertising agency which provides services related to marketing communications.

In January, 1988, the parties entered into a contract whereby Oaks was to perform the printing of a sixty-eight page catalog for one of Josephson's clients. Oaks alleged costs of $29,585.00 for these services. In February, 1988,

---

1. An order which dismisses a complaint for lack of personal jurisdiction is final and appealable. *Bergere v. Bergere,* 364 Pa.Super. 100, 527 A.2d 171 (1987).

the parties contracted for Oaks to render various other printing services to Josephson, including the preparation of 30,000 postcard inserts, for which Oaks' cost was $2,056.00. During the course of the work, appellant prepared proofs, which were reviewed at appellant's offices in Pennsylvania by Josephson's art director. The art director approved the proofs with corrections, and authorized Oaks to print the materials. After delivery of the work to Josephson's client, it was discovered that some of the copy was missing. Appellant notified Josephson of the cost of correcting the errors, made the necessary corrections and billed Josephson for the cost of corrections. Josephson refused payment of this latter amount and appellant commenced the instant action in the lower court. Appellee's petition to strike the complaint for lack of personal jurisdiction was sustained by the lower court, and this timely appeal followed.

"[W]hen preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt." *Barber v. Pittsburgh Corning Corp.*, 317 Pa.Super. 285, 302–03, 464 A.2d 323, 332 (1983), *cert. denied* 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 346 (1984), *citing Botwinick v. Credit Exchange, Inc.*, 419 Pa. 65, 213 A.2d 349 (1965). "Moreover, when deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party." *Barber v. Pittsburgh Corning Corp., supra.* Reviewing the evidence in the instant case in such a light, we find that it does not support the lower court's order granting appellee's preliminary objections.

A court may exercise *in personam* jurisdiction over a nonresident if (1) jurisdiction is conferred by the state long-arm statute and (2) the exercise of jurisdiction under the statute meets constitutional standards of due process. *Eastern Continuous Forms v. Island Business Forms*, 355 Pa.Super. 352, 513 A.2d 466 (1986). Under Pennsylvania's long-arm statute, the Pennsylvania courts may exercise jurisdiction over nonresident defendants "to the fullest ex-

tent allowed under the Constitution of the United States" and jurisdiction may be based "on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S. § 5322(b)." *See Skinner v. Flymo,* 351 Pa.Super. 234, 240, 505 A.2d 616, 619 (1986).

"The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant in any State with which the defendant has 'certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' *Milliken v. Meyer,* 311 U.S. 457, 463, [61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)].' " *Eastern Continuous Business Forms, supra,* 355 Pa.Super. at 354–55, 513 A.2d at 467, *quoting Calder v. Jones,* 465 U.S. 783, 787, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804, 810 (1984). In minimum contacts analysis, "talismanic jurisdictional formulas" are rejected and the facts of each case are weighed in determining whether personal jurisdiction will comport with fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 485–86, 105 S.Ct. 2174, 2189, 85 L.Ed.2d 528, 549 (1985) *quoting Kulko v. California Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696–97, 56 L.Ed.2d 132, 141 (1978), *reh'g denied* 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978). In the context of interstate contractual obligations, the United States Supreme Court has emphasized that "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King Corp. v. Rudzewicz, supra,* 471 U.S. at 473, 105 S.Ct. at 2182, 85 L.Ed.2d at 540 (1985), *quoting Travelers Health Assn. v. Virginia,* 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950).

██ While an individual's contract with an out-of-state party cannot alone establish sufficient contacts with the forum state, negotiations prior to the contract, its contemplated future consequences, the terms of the contract and

the parties' actual course of dealing must be evaluated in determining whether the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz, supra,* 471 U.S. at 474–75, 105 S.Ct. at 2183, 85 L.Ed.2d at 542 & 545, *quoting Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). "If the efforts of a commercial enterprise are 'purposefully directed' toward residents of the forum state, the absence of the actor's physical contacts with the forum cannot defeat an assertion of personal jurisdiction in that state." *Skinner v. Flymo, supra,* 351 Pa.Super. at 242–43, 505 A.2d at 616, *citing Burger King Corp. v. Rudzewicz, supra,* 471 U.S. at 476, 105 S.Ct. at 2184, 85 L.Ed.2d at 543.

Once it has been determined that the defendant has purposefully established minimum contacts with the forum state, those contacts may be considered in light of other factors to determine whether the exercise of personal jurisdiction will comport with fair play and substantial justice. *Burger King Corp. v. Rudzewicz, supra,* 471 U.S. at 476–77, 105 S.Ct. at 2184, 85 L.Ed.2d at 621. Those factors include the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the "several States in furthering fundamental substantive social policies." *Id.*

■ In the instant case, the facts, viewed in the light most favorable to the non-moving party, show that The Josephson Company solicited quotations from Oaks for the printing work for which the parties eventually contracted. In connection with the contract, Josephson mailed and "faxed" bid specifications to Oaks at its place of business in Northampton County, Pennsylvania. Oaks prepared its bid quotation in Pennsylvania in response to Josephson's solicitation, and purchase orders by Josephson were mailed to Oaks in Pennsylvania. Numerous telephone calls between

the parties' offices in Pennsylvania and New Jersey were exchanged, and an employee of Josephson visited the Oaks plant in Pennsylvania on at least one occasion to review proofs in connection with the parties' contract. All of the work on the contract was performed in Pennsylvania. In our view, these facts are sufficient to establish personal jurisdiction of appellee in the Pennsylvania courts. Appellee's initiation of contact with appellant which eventually yielded a contract between the parties, the continuing telephone and mail communication between them, and appellee's visit to Pennsylvania to review the work in progress, all point to the conclusion that appellee "purposefully availed" itself of the privilege of conducting its business activities within Pennsylvania. Appellee's contacts with the forum were thus sufficient to meet the due process "minimum contacts" test.

In addition, the exercise of personal jurisdiction over appellee would not offend any notions of "fair play and substantial justice." Appellant is a Pennsylvania corporation with whom appellee initiated contact in order to conduct business in the form of a contract to be performed in Pennsylvania. Appellee also maintained telephone and mail contact with appellant at its Pennsylvania office, and visited Pennsylvania in order to monitor and assess the progress on its work. Such circumstances do not lead us to the conclusion that appellee's contacts with Pennsylvania were "attenuated." Rather, they were purposeful and continuous enough such that appellee could reasonably have anticipated "being haled into court" here. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980) ("the foreseeability analysis that is critical to due process ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there").

Our conclusion is supported by the following cases in which jurisdiction was found in Pennsylvania over non-resident corporate defendants who sought dismissal of actions

brought against them in Pennsylvania. In *Sterling Industrial Corp. v. Telephone, Inc.*, 484 F.Supp. 1294 (W.D.Mich. 1980), a default judgment was entered in the United States District Court for the Middle District of Pennsylvania against defendant, a Michigan corporation. The judgment was registered in the Western District of Michigan and execution was issued and defendant's inventory seized. Defendant then moved to void the Pennsylvania judgment on the basis that personal jurisdiction was lacking in Pennsylvania. The court held that jurisdiction was proper in Pennsylvania because the plaintiff was a Pennsylvania corporation located in Pennsylvania which supplied goods under contract to the defendant in Michigan. Further, the court reasoned, the defendant took the initiative in ordering goods from the plaintiff in Pennsylvania, visited the forum on one occasion, and placed numerous telephone calls and orders with plaintiff. The court did not find defendant's visit to Pennsylvania decisive but held that even if the defendant had not made any visits to Pennsylvania, jurisdiction could still have been based on the parties' telephone and mail contacts. The visit or visits simply made it more certain that sufficient minimum contacts existed for the exercise of personal jurisdiction. *Id.*

Similarly, in *Controlled Metals, Inc. v. Non–Ferrous Intern. Corp.*, 410 F.Supp. 339 (E.D.Pa.1976), sufficient contacts were found to exercise jurisdiction over a New York corporation on the basis of telephone contacts with plaintiff's agent in Pennsylvania out of which the parties' contract was formed, acceptance of defendant's offer to buy was made by plaintiff's agent in Pennsylvania, and performance was to take place in this state. *Id.* at 343. The court also found the exercise of jurisdiction over this non-resident corporation to be fair and reasonable because defendant initiated the communications with plaintiff that led to their agreement, and mailed shipping materials to plaintiff demonstrating a recognition of plaintiff's obligation as well as an expectation of performance. Such conduct, the court held, evidenced defendant's active role in dealing with plain-

tiff and demonstrated that defendant was not merely a "passive purchaser." *Id.* *See Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974) (non-resident defendant not a passive purchaser but actively negotiated with plaintiff; thus no unfairness in exercise of personal jurisdiction over defendant).

The *Controlled Metals* court also found that Pennsylvania had an interest in protecting its resident by providing a forum, via the Pennsylvania long-arm statute, for its citizens to seek redress for harm caused by foreign corporations which have availed themselves of the privilege of doing business in Pennsylvania. *Controlled Metals, Inc., supra* 410 F.Supp. at 344. The fact that the New York corporation had no office or business facility in Pennsylvania, no bank accounts or mailing address, no telephone listing or employees within Pennsylvania was not significant in light of the other factors cited.

A similar result was also reached in *Packard Press Corp. v. Com Vu Corp.*, 584 F.Supp. 73 (E.D.Pa.1984). In that case, the court held that the fact that the New York corporate defendant sought out the Pennsylvania plaintiff to print its prospectus, that the prospectus was used in a public offering, that plaintiff billed and made extensive communications by mail and telephone with defendant and that defendant voluntarily communicated with plaintiffs in Pennsylvania to amend and correct the prospectus before its final printing were sufficient contacts to establish *in personam* jurisdiction in Pennsylvania.

We do not find persuasive the lower court's holding that the case of *Eastern Continuous Business Forms, Inc. v. Island Business Forms, Inc., supra,* is distinguishable from the instant case. In that case, Eastern (plaintiff) sought to recover, in a Pennsylvania court, for various materials and services which it had allegedly supplied to Island (non-resident defendant), who had refused to pay the balance due on the parties' contract. The lower court sustained Island's preliminary objections on the grounds of lack of personal jurisdiction over Island. On appeal, a panel

of this court reversed, holding that Island had allegedly "deliberately reached out beyond the Virgin Islands and negotiated with a Pennsylvania Corporation for the purchase of various materials and services." 355 Pa.Super. at 357, 513 A.2d at 469. Further, Island's refusal to make the contractually required payments had caused "foreseeable injuries to Eastern which at least makes it presumptively reasonable for Island to be called to account in the Commonwealth of Pennsylvania for such injuries." *Id., citing Burger King Corp. v. Rudzewicz, supra,* 471 U.S. at 480, 105 S.Ct. at 2186, 85 L.Ed.2d at 545.

The instant case is similar. Although Island may have made more visits to Pennsylvania than did the appellee herein, thereby "strengthening" its contacts with the forum, *Eastern Continuous Forms v. Island Business Forms, supra,* 355 Pa.Super. at 357, 513 A.2d at 469, the *Eastern* court found more significant the two factors just noted: (1) that Island "reached out" beyond the boundaries of its home state to negotiate and contract with a Pennsylvania corporation, and (2) that Island's refusal to make payments under the contract caused foreseeable injuries to the Pennsylvania corporation. Both of these factors are present in the instant case. In addition, although Island may have made more visits to Pennsylvania than did appellee herein, the number of visits is non-decisive in a minimum contacts analysis. *See Sterling Industrial Corp. v. Telephone, Inc., supra.*

We conclude that the lower court erred in sustaining appellee's preliminary objections on the basis of lack of personal jurisdiction over appellee. Therefore, we reverse the lower court's order and remand for further proceedings consistent with this memorandum.

Order of the lower court reversed; case remanded for further proceedings consistent with this memorandum; jurisdiction relinquished.

KELLY, J., files a concurring statement.

KELLY, Judge, concurring:

I join in Judge Cercone's well-reasoned opinion. I note that I find the analysis of *in personam* jurisdiction contained therein entirely consistent with the analysis of the same subject, in a different context, in *Scoggins v. Scoggins*, 382 Pa.Super. 507, 555 A.2d 1314 (1989) (per Kelly, J., Beck & Hester, JJ., join).