INSULATIONS, INC., Appellant,

v.

JOURNEYMEN WELDING
& FAB, Appellee.

Superior Court of Pennsylvania.

Submitted May 27, 1997.

Filed Sept. 8, 1997.

John Paz, Natrona Heights, for appellant.

Edgar D. Harr, Greensburg, for appellee.

Before BECK, TAMILIA, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

In 1995, appellant Insulations, Inc., a Pennsylvania Corporation, entered into a contract with appellee Journeymen Welding & Fab, a Michigan Company, for the sale of custom made commercial insulation. When appellee refused delivery of the custom-manufactured insulation and refused to pay appellant the agreed-upon contract price, appellant filed suit in Pennsylvania to recover contractual damages.

Upon being served in the instant suit, appellee filed preliminary objections asserting, *inter alia*, a lack of *in personam* jurisdiction. By order dated January 17, 1997, the Honorable Daniel J. Ackerman sustained appellee's jurisdictional preliminary objection and dismissed appellant's complaint. This appeal followed.

■ Appellant's sole claim is that the trial court erred in concluding that Pennsylvania does not have personal jurisdiction over appellee. A Pennsylvania court can exercise *in personam* jurisdiction over a non-resident if the following two criteria are satisfied: (1) jurisdiction is conferred by our state's long-arm statute; and (2) the exercise of jurisdiction under the long-arm statute does not offend the constitutional standards of due process. *See, e.g., Engle v. Engle,* 412 Pa.Super. 425, 430–31, 603 A.2d 654, 657 (1992).

Since Pennsylvania's long-arm statute [1] states that jurisdiction may be exercised to the fullest extent allowed under the United States Constitution, the relevant inquiry for our purposes is whether exercise of jurisdiction in this case violates appellee's constitutional right to due process. *Id.*

■ An exercise of jurisdiction over an out-of-state defendant would violate due process unless "the defendant [has] sufficient contacts with the forum [state] such that granting jurisdiction would not offend traditional notions of fair play and substantial justice." *Snavely & Sons v. Springland Associates,* 411 Pa.Super. 1, 4, 600 A.2d 972, 974 (1991) (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Our inquiry into whether sufficient contacts exist, referred to as a minimum contacts analysis, requires a court to determine whether a defendant's conduct and connection with the forum state is such that he should reasonably anticipate being "haled" into court there. *Engle,* 412 Pa.Super. at 430–31, 603 A.2d at 657 (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). An exercise of personal jurisdiction must rest upon some act whereby a defendant purposefully avails himself of the privilege of conducting activities in the forum state. *Id.*

■ Applying this analysis in cases involving contractual obligations, this Court has held that the mere existence of a contract between an in-state party and an out-of-state party is not sufficient, by itself, to confer Pennsylvania courts with jurisdiction over the out-of-state party. *See, e.g., Kenneth H. Oaks, Ltd. v. Josephson,* 390 Pa.Super. 103, 106–08, 568 A.2d 215, 217 (1989). Instead, "negotiations prior to the contract, its contemplated future consequences, the terms of the contract and the parties' actual course of dealing must be evaluated in determining whether the defendant 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

1. 42 Pa.C.S.A. § 5322(b).

In the case at bar, appellee entered into a contract to purchase insulation from appellant. The preliminary discussions were handled by a contractor acting on appellee's behalf. In October of 1995, appellee personally contacted appellant. Appellant and appellee negotiated directly, both by telephone and by fax, until a contract was finally signed and faxed to appellant on December 5, 1995. Thus, the contract at issue here was negotiated entirely by phone and fax, the intended future consequence of the contract was a simple one-time purchase of insulation with such insulation to be shipped to appellee in Michigan, and the course of dealing between the parties bespoke a relationship akin to an ordinary telephone order of merchandise. Under these circumstances, we agree with the trial court that appellee did not purposefully avail itself of the privilege of conducting business in Pennsylvania such that it could reasonably have anticipated being called to answer in our Commonwealth's courts. *See Engle,* 412 Pa.Super. at 432–33, 603 A.2d at 658 (finding insufficient contacts with Pennsylvania where out-of-state resident entered into a simple contract with a Pennsylvania resident and did not act to create a continuous or ongoing relationship). We therefore find no error in the trial court's conclusion that it had no personal jurisdiction over appellee.

Order affirmed.