J-A04013-19

2019 PA Super 87

| | | |
|---|---|---|
| THOMAS E. SEELEY AND DANIELLE SEELEY, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 856 EDA 2014 |
| CAESARS ENTERTAINMENT CORPORATION D/B/A/ BALLY'S CASINO, BALLY'S PARKPLACE, INC. D/B/A BALLY'S ATLANTIC CITY, AND BALLY'S CASINO | : | |

Appeal from the Order Dated February 10, 2014
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  October Term, 2013 No. 001416

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS, J.*

OPINION BY LAZARUS, J.:　　　　　　　　　　　**FILED MARCH 22, 2019**

Thomas E. Seeley and Danielle Seeley (h/w) (collectively, the Seeleys/Plaintiffs) appeal from the order sustaining Appellees' preliminary objections on the basis of lack of personal jurisdiction and dismissing Plaintiffs' complaint in this slip and fall action.  After careful review, we affirm.

In October 2011, Thomas Seeley slipped and fell on water that had accumulated on the floor of a public bathroom in Bally's Atlantic City (the Casino/Bally's) in New Jersey.  On October 16, 2013, the Seeleys,[1] New Jersey residents, filed the underlying premises liability action in Philadelphia County,

_____

[1] In Plaintiffs' complaint, Danielle Seeley claims loss of consortium, stating that "[a]s a result of [her husband's] aforementioned injuries, [she] has been, and may in the future be deprived of the care, companionship, consortium, and society of her husband[.]"  Plaintiffs' Complaint, 9/16/13, at ¶ 18.

 *Retired Senior Judge assigned to the Superior Court.

against Caesars Entertainment, Corp. (Caesars), d/b/a Bally's Casino, Bally's Park Place, Inc., d/b/a Bally's Atlantic City, and Bally's Casino (collectively, Defendants). The complaint alleged that Defendants "regularly conduct" business in Philadelphia County. On November 7, 2013, Defendants filed preliminary objections asserting that the trial court lacked personal jurisdiction[2] over them, specifically stating that Bally's, a New Jersey corporation, and Caesars, a Delaware corporation with its principle place of business in Nevada, do not engage in "continuous and systematic" business activities in Pennsylvania or Philadelphia County and that Caesars has no supervisory or oversight responsibilities with respect to Bally's operations.[3]

The Seeleys filed an answer to Defendants' preliminary objections. On December 13, 2013, the court ordered the parties to conduct discovery regarding the issues raised in Defendants' preliminary objections. On January 31, 2014, Plaintiffs deposed Dina Brown, the senior executive assistant for the vice president and general counsel of regional operations for Caesars Entertainment. Brown stated at her deposition that Caesars Entertainment is

---

[2] We distinguish the concept of personal jurisdiction from venue. Personal jurisdiction concerns whether the defendant has engaged in sufficient activity within Pennsylvania to be subject to this state's regulation. Venue, on the other hand, concerns whether the forum chosen by the plaintiff (here, Philadelphia County) is a proper locality within which to bring his or her action. *See* Pa.R.Civ.P. 2179 (identifying counties in which venue lies for personal actions against corporations).

[3] The objections also argue that the doctrine of *forum non conveniens* mandated that the case be dismissed.

the parent company and holding corporation[4] of Bally's Park Place, Inc., and that Bally's Park Place, Inc., owns Bally's Atlantic City.[5] Brown Deposition, 1/31/14, at 9-10, 29, 36. Brown also stated that Caesars Entertainment is the parent company of Harrah's Philadelphia, a casino located in Chester, Delaware County, Pennsylvania. *Id.* at 10. Moreover, Brown testified that each individual casino has its own policies and procedures for operations, which would include its own duty to maintain the premises to ensure that the casino does not have any dangerous conditions. *Id.* at 30-31, 35.

On February 10, 2014, the trial court held a hearing on Defendants' preliminary objections. At the hearing, Plaintiffs' counsel moved into evidence Brown's deposition transcript as well as Philadelphia County docket entries relating to lawsuits involving Bally's. On February 10, 2014, the trial court entered the instant order sustaining Defendants' preliminary objections and dismissing Plaintiffs' complaint, as to all counts, with prejudice. Plaintiffs filed a timely notice of appeal,[6] raising the following issues:

    (1)    Whether the lower court erred in sustaining [Defendants'] preliminary objection where the contacts of Caesar[]s['] and

---

[4] "A holding company owns enough voting stock in another company to control its policies and management. The company does not have any operation for active business itself; instead it owns assets in one or more companies." https://www.investopedia.com/terms/h/holdingcompany.asp (last visited 2/21/19).

[5] Brown stated that Bally's Park Place, Inc., does business as Bally's Atlantic City. Brown Deposition, 1/31/14, at 9-10.

[6] The trial court did not order Plaintiffs to comply with Pa.R.A.P. 1925(b) and file a concise statement of errors complained of on appeal.

Bally's with Pennsylvania were sufficient for it to exert personal jurisdiction over them?

(2) Whether the lower court would have erred if it sustained [Defendants'] preliminary objections on subject matter jurisdiction grounds where it was competent to determine controversies of the general class to which the present case belongs.

(3) Whether the lower court would have erred if it sustained [Defendants'] preliminary objections on the doctrine of *forum non conveniens* where none of the Appellees sustained their burden of establishing, with detailed facts on the record, that the Seeleys' chosen forum was oppressive or vexatious to them and, in addition, arguments of that nature are not properly the subject to preliminary objections.

Appellants' Brief, at 5.

Our standard of review of a trial court's order granting preliminary objections challenging personal jurisdiction is as follows:

When preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt. . . . Moreover, when deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or an abuse of discretion. Once the moving party supports its objections to personal jurisdiction, the burden of proving personal jurisdiction is upon the party asserting it. Courts must resolve the question of personal jurisdiction based on the circumstances of each particular case.

***Schiavone v. Aveta***, 41 A.3d 861, 865-66 (Pa. Super. 2012), citing ***Gaboury v. Gaboury***, 988 A.2d 672, 675 (Pa. Super. 2009) (citations and quotations omitted).

"A defendant's activities in the forum [s]tate may give rise to either specific or general jurisdiction." ***Mendel v. Williams***, 53 A.3d 810, 817 (Pa.

- 4 -

Super. 2012). When a state exercises personal jurisdiction over a non-resident defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising specific jurisdiction. *Schiavone*, 41 A.3d at 866 (citations omitted). In order for a Pennsylvania court to exercise personal (specific) jurisdiction over a non-resident defendant, the following two requirements must be met: (1) jurisdiction must be authorized by the Pennsylvania Long-Arm Statute;[7] and (2) the exercise of jurisdiction must comport with constitutional principles of due process. *Kenneth K. Oaks, Ltd. v. Josephson*, 568 A.2d 215, 216 (Pa. Super. 1989).

On the other hand, personal (general) jurisdiction over a non-resident defendant exits regardless of whether plaintiff's cause of action is related to the defendant's activities in the forum state. When the non-resident is a corporation, like Defendants, general personal jurisdiction is established when the corporation: (1) is incorporated under or qualified as a foreign corporation under the laws of this Commonwealth;[8] (2) consents, to the extent authorized by the consent;[9] or (3) **carries on a continuous and systematic part of**

_____

[7] Pennsylvania's Long-Arm Statute is codified at 42 Pa.C.S. § 5322(a).

[8] Caesars is incorporated in the state of Delaware and Bally's is incorporated in New Jersey. N.T. Preliminary Objections Hearing, 2/10/14, at 13.

[9] Defendants have clearly not consented to being sued in Pennsylvania, as is evident from their filing of preliminary objections on the basis of lack of personal jurisdiction.

**its general business within this Commonwealth**. *See* 42 Pa.C.S. § 5301(a)(2)(i-iii) (emphasis added).

Here, Plaintiffs argue on appeal that the trial court has general personal jurisdiction[10] over Defendants "because they have continuous and systematic contacts with the forum State directly and through the operation of Harrah's Philadelphia," a subsidiary of Caesars. Appellants' Brief, at 15.

Instantly, is it undisputed that none of the parties reside in or are incorporated in Pennsylvania. Bally's Casino, the site of the alleged accident, is located in and incorporated in the state of New Jersey. Moreover, its parent corporation and holding company, Caesars, is incorporated in Delaware with its principal place of business listed as Las Vegas, Nevada. While Chester Downs and Marina, LLC, d/b/a/ Harrah's Philadelphia Casino and Racetrack, located in Chester, Delaware County, Pennsylvania, is also owned by Caesars, Brown's deposition testimony established that, as a parent corporation, Caesars is nothing more than a holding company to Harrah's and Bally's Casino. Each casino owned by Caesars has its own employees, facility departments, management teams, and property managers. Brown Deposition, 1/31/14, at 33.

---

[10] Plaintiffs do not argue that specific jurisdiction exists in the present case to confer personal jurisdiction over Defendants. In any event, we would conclude that specific jurisdiction does not exist where the long-arm statute, 42 Pa.C.S. § 5322, was not satisfied because Mr. Seeley's slip-and-fall did not occur in Pennsylvania and because an act outside of Pennsylvania did not cause an injury in Pennsylvania.

In their brief, Plaintiffs allege the following facts to support general personal jurisdiction in this matter: (1) Caesars is the parent company of Bally's and both casinos have contacts with Pennsylvania; (2) for the last two years Bally's has advertised in print media in the Commonwealth (The Philadelphia Inquirer and Philadelphia Magazine); (3) Bally's has advertised on Pennsylvania radio stations; (3) Bally's has contracts with Pennsylvania companies for kitchen equipment and paper goods; and (4) Bally's uses a Pennsylvania accounting firm. While Brown did state these facts at her deposition, she was unable to quantify the yearly cost that Bally's spent on Pennsylvania print and radio advertising. *Id.* at 13. She also noted that "at one point" Bally's advertised on Philadelphia radio, again failing to state with what frequency and duration. *Id.* Brown noted that any advertising Bally's did *via* the internet was "[n]ot specifically [geared] to Pennsylvania residents." *Id.* at 14. Finally, Brown was unable to estimate what percentage of Bally's patrons are Pennsylvania residents or what percentage of Bally's own employees are Pennsylvania residents. *Id.* at 14, 20.

The record shows that Bally's, itself, does not have any subsidiaries that conduct business in Pennsylvania, nor does it conduct any of its own business in Pennsylvania. Brown Deposition, 1/31/14, at 13. Moreover, Bally's does not own or lease any property in Pennsylvania, nor is it a registered business in Pennsylvania. *Id.* at 14-15, 23. Brown stated that neither Caesars nor Bally's has any plans and is not currently under contract for any type of Pennsylvania business. *Id.* at 15. Brown also noted that Bally's does not

provide for transportation to or from their casino to Pennsylvania residents. *Id.* at 18. While Caesars is a registered business in Pennsylvania, its principle place of business is 1 Caesars Palace Drive, Las Vegas, Nevada. *Id.* at 23. Finally, Brown testified that Caesars does not pay taxes to the state of Pennsylvania and the sole pecuniary benefit Caesars receives from Pennsylvania comes from Harrah's. *Id.* at 23, 25.

Considering the evidence in the light most favorable to Plaintiffs, as the non-moving party, we simply cannot conclude that the fact that Caesars owns Harrah's, located in Delaware County, Pennsylvania, is evidence of its "systemic and continuous" carrying on of business within Pennsylvania such that we would find sufficient contacts exist within the state to confer personal jurisdiction in the underlying matter. *Skinner v. Flymo, Inc.*, 505 A.2d 616 (Pa. Super. 1986) (jurisdiction is only proper where contacts proximately result from actions by defendant himself which create substantial connection with the forum state). *See Botwinick v. Credit Exchange, Inc.*, 213 A.2d 349 (Pa. 1965) (Pennsylvania could not exercise personal jurisdiction over foreign corporation where subsidiary and parent corporation maintain bona fide separate and distinct corporate existence).

Plaintiffs have failed to provide sufficient evidence of Caesars' contacts with Pennsylvania through its ownership of Harrah's, as imputed to Bally's, or that Bally's own personal contacts with the forum state were so continuous and systematic for purposes of our courts to assume jurisdiction. *Cf. Barber v. Pittsburgh Corning Corp.*, 464 A.2d 323 (Pa. Super. 1983) (preliminary

objections properly dismissed and personal jurisdiction established where defendants purposely availed themselves of benefits and protections of Pennsylvania laws and constantly and substantially conducted recurring business affairs through operations of its industrial subsidiaries). Simply put, Plaintiffs have failed to show contacts between Defendants and the Commonwealth of Pennsylvania which would have made Defendants reasonably aware they could be haled into court in Pennsylvania. ***Bristol-Myers Squibb Co. v. Superior Court***, 137 S. Ct. 1773 (2017) (primary focus of personal jurisdiction inquiry is defendant's relationship to forum state); ***Mendel***, 53 A.3d at 817 (general jurisdiction exercised against foreign corporation where its affiliations with forum state are "continuous and systematic" to render them essentially at home).[11]

Order affirmed.[12]

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19

---

[11] ***See International Shoe Co. v. Washington***, 326 U.S. 310, 317 (1945) (setting forth well-established notion that state court may exercise personal jurisdiction over nonresident defendant where there exists "minimum contacts" between defendant and forum state).

[12] Having determined the trial court correctly dismissed the action for lack of personal jurisdiction, we need not consider the remaining claims of subject matter jurisdiction and *forum non conveniens* on appeal.