J-S23017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| APRIL PLOEGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRYP BY WYNDHAM | : | No. 2600 EDA 2019 |

Appeal from the Order Entered July 10, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  181103039

BEFORE:  NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 22, 2020**

April Ploeger (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas, sustaining preliminary objections filed by Appellee Tryp by Wyndham (Tryp) and dismissing Appellant's complaint without prejudice.  We conclude Appellant's issues are waived for a deficient brief and, accordingly, affirm.

The trial court summarized the facts and procedural history as follows:

On December 4, 2016, [Appellant] checked into Tryp by Wyndham Hotel . . . located at 345 West 35th Street, New York, NY 10001.  [Appellant] claims jewelry and personal items in the amount of $50,000 were stolen from a safe in her hotel room. [Appellant] filed a complaint [in the Philadelphia County Court of Common Pleas] to recover damages.  Tryp [ ] filed preliminary objections to the complaint which argued jurisdiction was not proper in Pennsylvania.  On July 8, 2019, this court sustained Tryp['s] Preliminary Objections[, finding Appellant failed to establish the court had general jurisdiction or specific jurisdiction over Tryp.]

[Appellant] filed a timely appeal from the court's July 8, 2019 order and timely complied with this court's order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Trial Ct. Op., 1/17/20, at 1 (unpaginated) (paragraph break added).

Appellant presents one issue for our review:

Did the trial [c]ourt commit reversible error in finding that it did not have *in personam* jurisdiction over the corporate [d]efendant, [Tryp]?

Appellant's Brief at 1.

The entirety of Appellant's counseled brief, excluding the cover page and certificate of service, spans two pages and two lines. The argument section states, in sum:

[Appellant's] response to Tryp's Fourth Amended Complaint [sic] asserted that . . . she was harmed by [Tryp's] failure to take reasonable care of valuable jewelry placed by [Appellant] in a safe provided by Tryp and locked with key [sic] provided by Tryp. Tryp is a subsidiary of Wyndham. Wyndham continuously conducts business in this Commonwealth, thus vesting jurisdiction in this matter on courts of the Commonwealth, and in Philadelphia, thus causing venue to lie in the Courts of Philadelphia.

Appellant's Brief at 2. The brief lacks discussion of, or even citation to, any legal authority.

Tryp points out that Appellant's argument consists of "one lone paragraph devoid of a single citation to the record or any case law," and that in any event, although Tryp "is a franchisee of Wyndham Worldwide Hotels . . . . each hotel is individually owned" and here, Tryp is owned by Eros

Management and Realty LLC, a limited liability company incorporated in New York.[1]  Tryp's Brief at 6.

In a five-page reply brief, Appellant argues that "[i]n addition to any other bases for . . . jurisdiction," the trial court could exercise personal jurisdiction over Tryp under Subsection 5322(a)(4) of our Judicial Code:

> **(a) General rule.**—A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person:
>
> *       *       *
>
> (4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

Appellant's Reply Brief at 1-2, *quoting* 42 Pa.C.S. § 5322(a)(4).  Appellant contends that, consistent with this subsection, the cause of harm occurred in New York and "[i]ts effects continue, unabated, in Philadelphia."  ***Id.*** at 2. Appellant then "copy/pasted" text from Tryp's website as evidence of Tryp's contacts with Pennsylvania.  ***Id.*** at 3.

Pennsylvania Rule of Appellate Procedure 2111 requires an appellant's brief to contain a "[s]ummary of argument" section and an "[a]rgument"

---

[1] Tryp further notes it previously pleaded this ownership information.  ***See*** Tryp's Brief at 6; Reply Brief of Defendant, Eros Management and Realty LLC, (Incorrectly Designated as Tryp by Windham) in Support of their Preliminary Objections, and in Opposition to Plaintiff's Reply to Preliminary Objections 6/4/19, at 3.

section, "separately and distinctly entitled." Pa.R.A.P. 2111(a)(6), (8). "The summary of argument shall be a concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118. "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part— in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "If reference is made to the pleadings, evidence, . . . opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]" Pa.R.A.P. 2119(c).

This Court has explained:

Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.

*Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa. Super. 2006) (citations omitted). Thus, failure to cite authority in support of a claim results in waiver of that argument, *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008), and it is axiomatic that this Court will not develop arguments on behalf of an appellant. *Bombar v. West Am. Ins. Co.*, 932 A.2d 78, 93 (Pa. Super. 2007).

- 4 -

Here, Appellant's brief does not contain a summary of the argument and does not set forth references to the record. *See* Pa.R.A.P 2111(a)(6), 2119(a). Furthermore, her entire argument consists of three sentences, including a conclusory statement that Tryp continuously conducts business in Pennsylvania, thus vesting jurisdiction and venue in Philadelphia's courts. Appellant's Brief at 2. Appellant's only citation to authority is contained in her reply brief, where she cites 42 Pa.C.S. § 5322. Appellant's Reply Brief at 2. Nevertheless, her sole discussion there is likewise vague as she baldly alleges that while the cause of the harm occurred in New York, its effects still continue in Philadelphia. *Id.* at 2. We emphasize Appellant fails to address, with any discussion of authority, the trial court's finding that she failed to establish general or specific jurisdiction. *See* Trial Ct. Op. at 2-4. Because her brief and argument are deficient, Appellant's claim is waived. *See Giant Food Stores*, 959 A.2d at 444; *Lackner*, 892 A.2d at 29–30.

Moreover, even if we were to reach the merits of Appellant's issue, no relief would be due.

> Our standard and scope of review over a trial court's decision to sustain a litigant's preliminary objections are well settled:
>
> > . . . [W]e accept as true all well-pleaded material facts set forth in the . . . complaint and all reasonable inferences which may be drawn from those facts. . . . Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts

averred. . . We review for merit and correctness—that is to say, for an abuse of discretion or an error of law. . . .

***McCabe v. Marywood Univ.***, 166 A.3d 1257, 1261 (Pa. Super. 2017) (citations omitted).

Here, the trial court found Appellant failed to establish the court had general jurisdiction over Tryp, where Appellant's complaint is premised on a claim that Tryp is a subsidiary of Wyndham Hotels, which does business in Pennsylvania. Trial Ct. Op. at 2-3 (unpaginated), *citing*, *inter alia*, 42 Pa.C.S. § 5301(a)(2)(i)-(iii) (factors for general jurisdiction over corporations). The court reasoned that Wyndham Hotels was not named as a party, and in any event, Tryp has pleaded it is owned by Eros Management and Realty LLC, which is likewise not a party to this suit. ***Id.*** Furthermore, the court found it was undisputed that Tryp is not registered to do business in, nor provides any services in, Pennsylvania; the alleged incident occurred in New York; and thus there was insufficient "evidence of 'systemic and continuous' carrying on of business within Pennsylvania." ***Id.*** at 3 (unpaginated).

The trial court also found Appellant failed to establish it had specific jurisdiction over Tryp. Trial Ct. Op. at 3-4 (unpaginated), *citing*, *inter alia*, ***Kenneth H. Oaks, Ltd. v. Josephson***, 568 A.2d 215, 216 (Pa. Super. 1989) ("A court may exercise *in personam* jurisdiction over a nonresident if (1) jurisdiction is conferred by the state long-arm statute and (2) the exercise of jurisdiction under the statute meets constitutional standards of due process. Under Pennsylvania's long-arm statute, the Pennsylvania courts may exercise

jurisdiction over nonresident defendants 'to the fullest extent allowed under the Constitution of the United States' and jurisdiction may be based 'on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.'") (citations omitted). The trial court concluded Appellant "has not provided any specific evidence that . . . Tryp[ ] conducted business in Pennsylvania so as to 'purposefully avail' [itself] of conducting business in this state." Trial Ct. Op. at 4. Appellant does not refute any of the court's discussion. *See McCabe*, 166 A.3d at 1261.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20